UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X
GEORGINA PASQUA, an individual, :
:
: Civil Action No.:
Plaintiff, :
: **COMPLAINT**
vs. : (Jury Trial Demanded)
:
MACY'S, INC., a Delaware corporation, :
:
Defendant. :
-----------------------------------------------------------------X

Plaintiff, GEORGINA PASQUA, by and through undersigned counsel, hereby sues the Defendant, MACY'S, INC., and alleges as follows:

## NATURE OF THE ACTION

1. This is a personal injury action arising out of grossly negligent misconduct perpetrated by the Defendant, MACY'S, INC., resulting in serious and permanent bodily injury. Defendant owns and/or operates that certain department store known as "Macy's," with locations throughout the United States. Defendant's flagship store is located in this District, at 151 W. 34th St., in Manhattan. This action arises out of injuries sustained by Plaintiff on November 18, 2013, while she was a visitor at Defendant's store in Cheektowanga, New York, at which time Defendant's employee hit Plaintiff in the head with an acrylic display sign, causing severe and permanent injury.

## THE PARTIES

2. At all times material to this dispute, Plaintiff, GEORGINA PASQUA (hereinafter "Plaintiff" or "Georgina"), was and is a resident and citizen of Ontario Canada, over the age of 18 years, and otherwise *sui juris*.

1

3. At all times material hereto, Defendant, MACY'S, INC. ("Macy's") was and is a Delaware Corporation, registered to do, and doing, business in the State of New York; Defendant's flagship location is in this District.

## JURISDICTION AND VENUE

4. This Court has diversity jurisdiction over this dispute pursuant to 28 U.S.C. §1332, because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs, and Plaintiff is a citizen of a state which is different from the state of citizenship of the Defendant. There is complete diversity between Plaintiff and Defendant.

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391(d), because all acts and transgressions giving rise to this action occurred in the State of New York, and Defendant transacts substantial business in this District, and has its flagship store location in the District.

## GENERAL ALLEGATIONS

6. On Sunday, November 18, 2012, Georgina and her husband, along with their son and daughter-in-law, visited the Walden Galleria Mall located at 1 Galleria Drive in Cheektowaga, New York.

7. Georgina and her husband decided to visit Macy's while her son and daughter-in-law visited other stores. Once inside Macy's, Georgina walked through the men's section, and began looking for a pair of pants for her husband, while her husband went to try clothes in the fitting room.

8. As Georgina crouched to look on a bottom shelf, suddenly and without warning, she felt an impact on top of her head. On feeling the impact, she immediately began to suffer from dizziness and an intense head pain. Moments later, she looked down to check what had hit

2

her head, and saw an acrylic display sign with sharp edges, about 16" wide by 20" high. She attempted to get up, but was unable due to dizziness.

9. A Macy's associate immediately appeared and explained that he was helping another customer on the other side of the display rack, and had accidentally knocked the acrylic display sign down onto Georgina's head.

10. Due to severity of Georgina's injuries, paramedics were called to the scene. The paramedics documented a laceration to the scalp.

11. Georgina initially attempted to self-medicate in the hopes that with rest her head pain would subside. However, the pain intensified and the head wound began to itch; the symptoms soon grew considerably worse.

12. On December 16, 2012, Georgina was diagnosed by physicians with a head injury, which had not healed. In April 2013, physicians note that Georgina continued to suffer from chronic pain over the left parietal bone. By October 2013, Georgina's physician has diagnosed her with persistent chronic pain in her scalp, as well as a permanent deformation/indentation on the scalp at the spot where the Macy's associate had dropped the sign onto her head. Georgina has suffered significant past pain and suffering, and will continue to suffer into the future.

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF GEORGINA PASQUA – NEGLIGENCE

13. Plaintiff, GEORGINA PASQUA, re-avers and re-alleges paragraphs 1 through 12 above as though fully set forth fully herein.

14. At all times material hereto, Defendant owed a duty to its business invitees, including Plaintiff, to exercise reasonable care, including but not limited to not injuring business invitees on its store premises.

15. As described more fully above, in the course of his employment, a Macy's sales associate breached the duty described in Paragraph 14 by dropping an acrylic sign onto Plaintiff's head.

16. As a direct result of the breach described in Paragraph 17, for which Macy's is legally answerable, Georgina has suffered, and is suffering, severe, continuing, and permanent injury, chronic pain, and deformation of her skull. Plaintiff's damages exceed the sum of Seventy Five Thousand Dollars ($75,000.00).

17. Macy's is legally answerable for the negligence of its employee in this case.

WHEREFORE, Plaintiff, GEORGINA PASQUA, demands judgment against the Defendant, MACY'S, INC., in an amount in excess of Seventy Five Thousand Dollars ($75,000.00), plus prejudgment interest and all cost associated with the prosecution of this litigation.

### JURY TRIAL DEMAND

Plaintiffs, GEORGINA PASQUA, hereby demand a trial by jury on all issues.

DATED: March 17, 2014.  
Ft. Lauderdale, FL

LAW OFFICES OF NOLAN KLEIN, P.A.

By _____  
**NOLAN K. KLEIN** (NK0529)  
Attorney for Plaintiffs  
Wells Fargo Tower – Suite 1500  
One East Broward Boulevard  
Fort Lauderdale, Florida 33301  
(954) 745-0588